■ In the Matter of RAYMOND CANNER, Respondent, v CARLTON DELAMETER et al., Constituting the Zoning Board of Appeals of the Town of Oneonta, Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Kepner, Jr., J.), entered September 15, 1980 in Otsego County, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to CPLR article

78, to annul a determination of the Zoning Board of Appeals of the Town of Oneonta, which denied petitioner's request for a certificate of compliance. The record establishes that in 1974 the Town of Oneonta adopted a zoning ordinance and, in subdivision 5.01 of section 5 thereof, it created zoning districts the boundaries of which "are shown on the map entitled 'Town of Oneonta Zoning Map', a copy of which is attached to and hereby made a part of the Ordinance." According to the petition herein, petitioner in 1978 purchased a rectangular parcel of land located in both the Town of Oneonta (Otsego County) and the Town of Davenport (Delaware County). Petitioner alleged that after examining his title and certain maps filed in the County of Delaware at the time his parcel of land was formerly appropriated for railroad purposes, he determined that a portion thereof, since it was situated in the Town of Davenport, was usable for a vehicle junk yard and he commenced such operation on October 11, 1978. Petitioner goes on to allege that he was charged in June of 1979 with a criminal violation of the Junk Yard Ordinance of the Town of Oneonta with respect to a certain parcel described as "Tax Map, Section 301.00, Block 1, Lot 59" which was eventually dismissed because the "Town and county line * * * could not be ascertained." It is further alleged that on March 4, 1980, he was again charged with the aforesaid criminal violation; that on May 2, 1980 he requested from the Zoning Board of Appeals of the Town of Oneonta (the board) a certificate of "no zoning conflicts"; that on May 20, 1980 the request was denied; that the Town of Oneonta did not know where the boundary line of the town was until after he purchased and used the property and, accordingly, his junk yard use was a pre-existing, nonconforming use. The petition recites that the board had the power to issue a variance and finally: "respectfully requests that a final judgment be made and entered herein, reversing, annulling and setting aside the decision of Respondent filed on May 20, 1980 and directing Respondent to grant Petitioner's application for a certificate of compliance." The board answered the petition and, among other things, pointed to petitioner's deed or "contract vendee" description of the premises as showing that portions of the property were in the Town of Oneonta and referring to deeds on file in Otsego County; that all available surveys and tax maps without question placed the subject property within the town of Oneonta; and, that all prior title owners of Lot No. 59 have been continuously assessed taxes and have paid them to the Town of Oneonta, County of Otsego. The record on appeal includes the Junk Yard Ordinance adopted by the Town of Oneonta in 1967, the zoning ordinance adopted by the Town of Oneonta on October 10, 1974 and amended on July 17, 1979 as to enforcement procedures, tax maps of the County of Delaware for the Town of Davenport and of the County of Otsego for the Town of Oneonta, the Town of Oneonta zoning map referred to in and made part of the zoning ordinance, and a map certified on January 7, 1980 which shows plotted thereon three dividing lines for the Counties of Otsego and Delaware, being the corresponding lines dividing the Towns of Oneonta and Davenport. Special Term granted the relief requested by petitioner and *further* ordered the board to grant a variance for the subject parcel. The present record establishes beyond peradvanture that some portion or all of the premises described by petitioner as "Tax Map, Section 301.00, Block 1, Lot 59" is located in the Town of Oneonta. The railroad maps referred to in the petition and again in the brief on appeal were apparently not part of the record before Special Term and are not before us on this appeal. Petitioner has made no attempt to establish that the Town of Oneonta zoning map does not in fact encompass the specified premises and the prior dismissal of criminal charges is insufficient to establish any factual issue. At the very least, the presumption of regularity establishes jurisdiction of the Town of Oneonta over

Lot No. 59. Until there is some factual showing of no jurisdiction, the Town of Oneonta is under no burden of establishing that its zoning map is *not* erroneous. Indeed, the map certified on January 7, 1980, which purports to show conflicting tax map lines, is a platting of tax maps, one of which is stamped in *red* "not to be used for purposes of conveyance" and the other of which has the legend "this document prepared for tax purposes only". It would seem obvious that the platting of the tax map lines serves no value as a matter of probative evidence of jurisdiction based on the zoning map. Petitioner has failed to establish any basis for relief in this article 78 proceeding. Special Term went beyond a determination of the issues before it and exceeded its jurisdiction by ordering the granting of a variance. The present record is insufficient to establish any lack of jurisdiction in the board or any basis for asserting a protested nonconforming use. Judgment reversed, on the law, determination confirmed, and petition dismissed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.